UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY L. VIZINAT                                               CIVIL ACTION

VERSUS                                                         NO. 20-1857

DUPRE MARINE                                                   SECTION M (5)
TRANSPORTATION, LLC, *et al.*

**ORDER & REASONS**

Before the Court is a motion for partial summary judgment filed by defendant Dupre Marine Transportation, LLC ("Dupre") on the issue of maintenance and cure.[1] Plaintiff Danny L. Vizinat responds in opposition.[2] Dupre replies.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion because there are disputed issues of material fact that preclude summary judgment.

**I.    BACKGROUND**

On May 18, 2019, Vizinat, a seaman employed by Dupre, allegedly sustained a back injury while working on Dupre's vessel, the *M/V Ambrie Dupre*.[4] Dupre referred Vizinat to Gulf Coast Orthopedics, where he was diagnosed with a "significant" lower back injury at two lumbar levels with radiculopathy, including a disc protrusion and annular tear at L5-S1.[5] After receiving "conservative treatment" but no relief from pain, two Gulf Coast Orthopedics surgeons recommended that Vizinat undergo an anterior lumbar interbody fusion ("ALIF") at L4-5 and percutaneous instrumentation from L4-S1 with use of bone morphogenetic protein at L4-5 and L5-

---

[1] R. Doc. 45.
[2] R. Doc. 46.
[3] R. Doc. 49.
[4] R. Docs. 45-1 at 1; 46 at 2.
[5] R. Doc. 46 at 2.

S1 with ALIF.[6] To receive the surgery, Vizinat, a diabetic, was required to lower his hemoglobin A1C level below the recommended 7.5 threshold for the surgery.[7] As of July 27, 2020, Vizinat had lowered his A1C level from 11 to 8.9,[8] but as of December 6, 2021, the level had climbed to 9.3.[9]

## II. PENDING MOTION

In support of its motion, Dupre argues that Vizinat "has forfeited his right to maintenance and cure due to his unreasonable failure to mitigate his damages."[10] It maintains that, over the last two years, Vizinat "wholly failed" to lower his A1C level, thus willfully prolonging treatment.[11] Because Vizinat "failed to comply with the basic requirements [of lowering his A1C level to the designated threshold] for him to receive the surgery he claims he so desperately needs," Dupre contends that it is no longer obligated to pay maintenance and cure.[12]

In opposition, Vizinat argues that he has not forfeited his right to maintenance and cure but "fully intends to have the recommended lumbar surgery as soon as his AIC levels are below the 7.5 threshold recommended by [his surgeon]."[13] He contends that he has made "reasonable and continuous efforts" to reduce his A1C level, which include diet, exercise, and an upcoming appointment with an endocrinologist to explore a medical plan to reduce it further.[14] Vizinat

---

[6] *Id.* at 2-3.
[7] R. Docs. 45-1 at 1-2; 46 at 3. An A1C test measures a person's average level of blood sugar over a period of two to three months and is reported as a percentage. Dupre indicates that the A1C threshold for Vizinat's surgery was later adjusted to 8.0. R. Doc. 49 at 6.
[8] R. Doc. 45-2 at 14.
[9] R. Doc. 49 at 8.
[10] R. Doc. 45-1 at 1.
[11] *Id.* at 2.
[12] *Id.*
[13] R. Doc. 46 at 3.
[14] *Id.*

maintains that he "has not willfully refused medical treatment or surgery and has not quit participation in a course of medical treatment."[15]

In reply, Dupre questions the sincerity of Vizinat's statements that he is doing all he can to bring down his A1C level to qualify for surgery.[16] After all, says Dupre, it has been over two years since Vizinat was recommended for surgery and his A1C level is not yet below the required threshold – and, in fact, has increased, as reflected in the latest test.[17] Dupre concludes, then, "that Vizinat's failure to get his diabetes and A1[C] levels under control, conditions wholly within his power and control, constitutes a willful rejection of his prescribed treatment and a willful failure to follow his prescribed regime[n]," which should result in the termination of Dupre's obligation to provide maintenance and cure.[18]

### III. LAW & ANALYSIS

#### A. Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the

---

[15] *Id.*
[16] R. Doc. 49 at 3.
[17] *Id.* at 3-6.
[18] *Id.* at 6.

conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v.*

*Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

### B. Analysis

Dupre seeks relief from its obligation to pay Vizinat maintenance and cure or, in the alternative, a ruling that Dupre has a right of off-set against any amounts that Vizinat may recover.[19] If a seaman becomes ill or suffers an injury while in the service of a vessel, his Jones Act employer has "an absolute, non-delegable duty" to pay the seaman maintenance (*i.e.*, "a per diem living allowance for food and lodging") and cure (*i.e.*, "payment for medical, therapeutic, and hospital expenses"). *In re 4-K Marine, L.L.C.*, 914 F.3d 934, 937 (5th Cir. 2019) (quoting *Bertram v. Freeport McMoran, Inc.*, 35 F.3d 1008, 1011-13 (5th Cir. 1994)). A seaman forfeits such payments "only under certain well-defined and narrowly limited circumstances," including (1) "the seaman's unreasonable refusal to accept medical care offered by his employer," *Oswalt v. Williamson Towing Co.*, 488 F.2d 51, 53 (5th Cir. 1974); and (2) the seaman's "willful rejection of the recommended medical aid." *Coulter v. Ingram Pipeline, Inc.*, 511 F.2d 735, 737 (5th Cir. 1975); *see also Boatner v. C&G Welding, Inc.*, 2020 WL 4432286, at *2 (E.D. La. July 31, 2020). A seaman does not forfeit his right to maintenance and cure, however, if he has "reasonable

---

[19] R. Doc. 45-1 at 4.

grounds for refusing care" or "extenuating circumstances" make his "failure to follow the prescribed regimen either reasonable or something less than a willful rejection." *Coulter*, 511 F.2d at 737-38.

Here, Dupre alleges that Vizinat forfeited his right to maintenance and cure because he willfully "fail[ed] to comply with the direct orders of his doctors" in not meeting the required threshold for his A1C at any point during the past two years, which, in turn, has "prolonged treatment and cure for an indefinite time."[20] Allowing Vizinat to collect payment indefinitely while he decides whether to pursue surgery is inconsistent with the purpose behind maintenance and cure, says Dupre.[21] But Vizinat argues that he is not prolonging cure for an indefinite time; rather, he fully intends to have the surgery and is actively working to lower his A1C level to the threshold required for the surgery to occur.[22] Dupre counters that Vizinat's efforts simply have not been sufficient to avoid forfeiture of maintenance and cure.[23]

The record on this motion for partial summary judgment demonstrates that there are disputed issues of material fact central to the determination whether Vizinat's conduct fits within the well-defined and narrowly limited circumstances as would relieve Dupre of its obligation to pay him maintenance and cure. Vizinat presents summary-judgment evidence that makes his failure to complete the prescribed regimen reasonable or at least something less than a willful rejection – at this time anyway. *See Coulter*, 511 F.2d at 737-38. For example, Vizinat attests that he is making efforts to reduce his A1C level through diet and exercise and by exploring a medical plan in an upcoming appointment with an endocrinologist.[24] And, as evidenced in the exhibits

---

[20] *Id.* at 2-4.
[21] R. Docs. 45-1 at 4; 49 at 6.
[22] R. Doc. 46 at 6.
[23] R. Doc. 49 at 3-6.
[24] R. Docs. 46 at 3; 46-2 at 2-3.

Dupre attaches to its motion for summary judgment, Vizinat first had some success in lowering his A1C level from 11 to 8.9,[25] but has now regressed to a level of 9.3.[26] While the Court recognizes the strength of Dupre's core argument that this situation cannot go on indefinitely, the medical records Dupre offers in support of summary judgment, on their own, fail to establish without contest that Vizinat has acted unreasonably in the efforts he has made to reduce his A1C to a level permitting surgery.  The records do not show definitively that Vizinat has rejected a prescribed program of diet and exercise or other medical regimen designed to reduce his A1C level; instead, they show, at most, that the program has been less successful in recent months. Consequently, at this juncture, the question whether Vizinat's failure to attain the requisite A1C level for surgery amounts to either an unreasonable refusal to accept medical care or a willful rejection of the recommended medical aid is one that should be left for the factfinder to decide on a fully developed record of evidence.

### IV.    CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Dupre's motion for partial summary judgment is DENIED..

New Orleans, Louisiana, this 30th day of December, 2021.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[25] R. Doc. 45-2 at 14.
[26] R. Doc. 49 at 8.